IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br><br>          Petitioner,<br><br>vs.<br><br>ADAMS, Warden at Corcoran Prison,<br><br>          Respondent.<br>_____/ | 1:10-cv-00740 MJS (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |

    Petitioner, a state prisoner proceeding pro se, challenges a prison disciplinary action by filing this habeas corpus action pursuant to 28 U.S.C. § 2254.

    Petitioner has not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis for this action.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

    In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). In this case, petitioner challenges the result of a prison

1  disciplinary proceeding, i.e., he attacks the execution of his sentence, not the conviction itself. In
2  such case, the proper forum in which to seek review is the district of confinement. See <u>Dunn v.</u>
3  <u>Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper
4  forum to challenge the execution of a sentence is the district where the prisoner is confined.").
5  Petitioner is confined in prison located in the Northern District of California. Therefore, his petition
6  should have been filed in the United States District Court for the Northern District of California. In
7  the interest of justice, a federal court may transfer a case filed in the wrong district to the correct
8  district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
9       Accordingly, IT IS ORDERED that this matter be and hereby is transferred to the United
10 States District Court for the Northern District of California.

13 IT IS SO ORDERED.
14 **Dated:   May 11, 2010**                    **/s/ Michael J. Seng**
                                                UNITED STATES MAGISTRATE JUDGE